UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CARREA, JR, ) | Civil No. 08cv2295 WQH (BLM) |
| ) | |
| Petitioner, ) | **REPORT AND RECOMMENDATION FOR** |
| v. ) | **ORDER GRANTING RESPONDENT'S** |
| ) | **MOTION TO DISMISS** |
| MATTHEW CATE, Secretary, ) | |
| ) | **[Doc. No. 7]** |
| Respondent. ) | |
| ) | |

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On December 1, 2008, Petitioner Christopher Carrea, Jr., a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. Petitioner contends his federal Constitutional rights were violated because: (1) he was denied his speedy trial rights due to his race; (2) his challenges to the denial of his speedy trial rights in the state courts were not heard by impartial judges; and (3) the San Diego District Attorney and California Attorney General engaged in purposeful discrimination in denying his

speedy trial rights amounting to malicious prosecution actionable under 42 U.S.C. § 1983. Id. Petitioner also alleges that the district court erroneously dismissed his first habeas petition on abstention grounds. Id.

On April 9, 2009, Respondent filed a Motion to Dismiss. Doc. No. 7. This Court has considered the Petition (Pet.), Respondent's Motion to Dismiss (Resp't Mem.), and all supporting documents submitted by the parties. For the reasons set forth below, this Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The specific facts of Petitioner's crimes are not relevant to the instant motion to dismiss. However, the following procedural facts are obtained from the state appellate docket[1] and exhibits submitted by Petitioner.

On July 20, 2007, a jury in the California Superior Court for the County of San Diego convicted Petitioner of one count of inflicting corporal injury on a spouse or cohabitant (Cal. Penal Code § 273.5(a)). Pet., Ex. E at 107. Petitioner was sentenced to a term of seven years in state prison. Id.

**A.  PENDING DIRECT REVIEW**

On July 31, 2007, Petitioner filed a notice of appeal with the California Court of Appeal, Fourth Appellate District, Division One. See http://appellatecases.courtinfo.ca.gov (last visited July 9, 2009). This Court's review of the electronic database for the California court system indicates that on May 15, 2009, the California Court of Appeal

---

[1] In his supporting documents, Petitioner references an ongoing appeal stemming from his criminal conviction but fails to provide an appellate case number. Pet. at 6. The case number in the state's electronic database matches the case number on appellate documents submitted by Respondent as Exhibit B. See Resp't Mem., Ex. B.

affirmed all aspects of the judgment against Petitioner, except for the calculation of the presentence custodial credits. See id. On June 19, 2009, Petitioner submitted a petition for review to the California Supreme Court. Id. The petition is pending. Id.

**B.   FEDERAL COLLATERAL REVIEW**

On November 16, 2007, while his direct appeal in the state court was pending, Petitioner filed a petition for Writ of Habeas Corpus in the United States District Court for the Southern District of California ("the First Petition"). Case No. 07cv2197-BTM(NLS), Doc No. 1. The First Petition asserted three claims, which are identical to the first three claims asserted in the instant petition. Id. On June 3, 2008, the Honorable Barry Ted Moskowitz dismissed the First Petition pursuant to the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1970). See id., Doc. No. 13. In the dismissal order, the Court explicitly advised Petitioner that the dismissal was "without prejudice to Petitioner to present his claims in a separate federal habeas petition <u>filed after the conclusion of his direct appeal</u>." Id. at 5 (emphasis added).

On September 26, 2008, Petitioner erroneously filed the instant habeas petition in the United States Court of Appeals for the Ninth Circuit. Pet. at 1. Therefore, the Clerk transferred the Petition and all pending motions to this Court.[2] Id. The instant Petition is identical to the first in all respects, except that Petitioner adds a fourth claim challenging the outcome of his first federal petition. Pet. at 19.

---

[2] An application for a writ of habeas corpus must be made to the district court. See Fed. R. App. P. 22(a); see also 28 U.S.C. § 2241(b). If a petition for writ of habeas corpus is filed in the court of appeals, "the application must be transferred to the appropriate district court." Fed. R. App. P. 22(a).

Respondent moved to dismiss on April 9, 2009, advancing the same Younger abstention doctrine argument applied to the first petition. Resp't Mem. at 1-2. Petitioner did not file an opposition, nor has he requested an extension of time to do so.[3]

## DISCUSSION

**A.   SCOPE OF REVIEW**

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

**B.   CLAIMS ONE, TWO, AND THREE**

As stated by Judge Moskowitz in the first order, "[t]he Ninth Circuit has held that district courts should abstain under Younger from adjudicating federal constitutional claims when a federal habeas petitioner's state appeal is pending." Case No. 07cv2197-BTM(NLS), Doc. No. 13 at 3 (citing Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983)); see also Younger, 401 U.S. at 37 (holding that federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances). Judge Moskowitz then set forth the appropriate test for Younger abstention and determined that the relevant facts required that the federal court abstain from addressing Petitioner's asserted habeas claims until the state court completes its

---

[3] It is within the Court's discretion to grant the motion to dismiss as unopposed under Local Rule 7.1(f)(3)(c) of the Southern District of California; however, the Court has reviewed the motion on its merits.

review of Petitioner's direct appeal. Case No. 07cv2197-BTM(NLS), Doc. No. 13 at 3-5.

Judge Moskowitz' analysis and conclusion are equally applicable to Petitioner's current habeas petition. The facts, arguments, and allegations asserted in claims one, two, and three of the instant petition are identical to those set forth in the First Petition dismissed by Judge Moskowitz. Compare id., Doc. No. 1 at 8-17, with Pet. at 10-20. In fact, Petitioner's contentions are essentially, if not completely, word-for-word. See id. Furthermore, Petitioner's procedural situation remains unchanged. The state appellate proceeding for the conviction from which Petitioner seeks relief is ongoing at this time. See http://appellatecases.courtinfo.ca.gov (last visited July 9, 2009). Accordingly, and for the reasons stated by Judge Moskowitz in the Order of June 3, 2008, this Court **RECOMMENDS** that claims one, two, and three be **DISMISSED.**

**C.   CLAIM FOUR**

In his fourth and final ground for relief, Petitioner's entire argument is as follows:

> The Petitioner is presently illegally incarcerated due to the United States District Court [sic] failure to review discrimination in prosecution. The State of California broke there [sic] own laws in prosecuting the Petitioner. The District Court states there is an abstension [sic] doctrine due to the Petitioner having an appeal. The appeal does not cover or address the discrimination in prosecution, thus there is no abstension [sic] doctrine on the issue presented because they were presented to the state at all levels.

Pet. at 19. Petitioner does not allege a constitutional violation, cite to federal authority or otherwise explain why this claim is cognizable on federal habeas review. At most, this claim may be interpreted as an attempt to challenge the district court's dismissal of Petitioner's

first habeas petition. If such was Petitioner's intent, this Court lacks jurisdiction to consider such a challenge.[4]

To ensure a federal court's review of his claims for relief, a habeas petitioner must allege he is in custody "in violation of the Constitution or the laws or treaties of the United States," see 28 U.S.C. § 2254(a), by citing "provisions of the federal Constitution or . . . either federal or state case law that engages in a federal constitutional analysis." Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir. 2005) (explaining requirements for exhaustion purposes); see also Estelle v McGuire, 502 U.S. 62, 67 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated [federal law]."). Petitioner has not done so. This Court, therefore, **RECOMMENDS** that Petitioner's fourth claim for relief be **DISMISSED** for failure to allege a federal claim.

## CONCLUSION AND RECOMMENDATION

Because Petitioner's first three claims for relief fully meet the requirements of the Younger abstention doctrine, and because Petitioner's fourth claim for relief is not cognizable on federal habeas review, this Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** without prejudice to Petitioner presenting his claims in a new federal habeas petition filed after the conclusion of his direct appeal.

---

[4] The fact that Petitioner originally filed this Petition with the United States Court of Appeals for the Ninth Circuit suggests this possibility. However, a state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). It appears that Petitioner attempted to obtain a certificate of appealability following the denial of the first petition, but his application was not timely. See Case No. 07cv2197-BTM(NLS), Doc. No. 17.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss; and (3) dismissing this action in its entirety without prejudice.

**IT IS ORDERED** that no later than **July 24, 2009**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 7, 2009**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

DATED: July 9, 2009

BARBARA L. MAJOR
United States Magistrate Judge